## YOUNG v. KEELING.

### No. 10367.

Circuit Court of Appeals, Fifth Circuit.

July 31, 1942.

Ike Young, in pro. per.

No attorney for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

## PER CURIAM.

Ike Young petitions us for a writ of mandamus against the Judge of the District Court to require him to "perform his official duty to petitioner and file petitioner's motion for new trial on newly discovered evidence in accordance with the established law for capital cases." It appears that petitioner, after adjournment of the term, sent his motion for a new trial directly to the Judge, and not to the Clerk, and the Judge has declined to take any action on it. Some applications for court relief are properly presented to the Judge before filing in the court, such as a petition for the writ of habeas corpus, or for extraordinary equitable relief. A motion for new trial in a criminal case is not such. It may, within the time allowed by the rules, be filed as of right without sanction by the Judge, and it then becomes his duty to pass upon it. If the clerk improperly refuses to file it, the Judge no doubt can compel him to file it, or may entertain the motion without filing. A reception and hearing of the motion by the Judge has often been held the equivalent of filing. But the movant has no right, the court not being in session, to present such a motion to the Judge without filing, or to compel the Judge to file it for him with the clerk. It is not the official duty of a Judge to file papers with the clerk which the litigant ought to file. A mandamus cannot be had to compel this.

Young was tried and convicted for murder and sentenced to life imprisonment at a former term of the District Court and more than sixty days before he attempted this motion for new trial. Whether his is a capital case within the meaning of Rule II(3) for criminal procedure following 18 U.S.C.A. § 688, we do not now enquire.[1]

Mandamus nisi denied.